[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10819
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00276-ODE-JKL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 27, 2016)

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ronald Washington appeals his 71-month total sentence, imposed after he pleaded guilty to two counts of carjacking in violation of 18 U.S.C. §§ 2119(1) and (2).  Washington argues that the district court clearly erred in denying him a minimal-participant role reduction under United States Sentencing Guidelines § 3B1.2(a) due to his level of participation in the two carjackings.  He contends that this four-level role reduction was appropriate because his only participation in the crimes was sitting in the car that transported the participants to the location where the crimes occurred, and he was the least culpable of the co-conspirators.  After careful review of the record and consideration of the parties' briefs, we affirm.

We review a district court's determination of a defendant's role in the offense for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  A finding is clearly erroneous only when, on review of the record, the Court "is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  The defendant seeking the downward adjustment bears the burden of proving by a preponderance of the evidence that he had a minor role in the offense.  De Varon, 175 F.3d at 939.

A district court may decrease a defendant's offense by four levels if it finds the defendant was a "minimal participant" in the criminal activity.  USSG

§ 3B1.2(a).  This four-level reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. . . . [and their] lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  USSG § 3B1.2 cmt. n.4.  In determining whether a minimal-participant role reduction is appropriate, the district court must consider both "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing" and "[his] role as compared to that of other participants."  De Varon, 175 F.3d at 940.  However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants."  Id. at 944.

The district court did not clearly err in denying Washington a minimal-participant role reduction.  Washington argues that his participation in the two carjackings involved no more than him sitting in the car that transported the participants to the location where the crimes occurred.  However, Washington admitted at his plea hearing that he knew that the other participants intended to commit a carjacking at the time they traveled to the location of the crimes, and that he knew at least one of the other participants had a gun and intended to use it in a carjacking.

3

Based on these facts, the district court found that Washington was a "willing and well-informed participant" in the carjackings, whose role involved "add[ing] some muscle to the group" and assisting with driving away one of the vehicles involved in the offenses.  It determined that Washington did not "lack [the] knowledge or understanding [that] is indicative of a role as a minimal participant." Though Washington's role in the offenses may have been less than that of the other participants, the district court did not clearly err in denying him a minimal-participant role reduction based on the admissions Washington made at his plea hearing.  We affirm the sentence.

**AFFIRMED.**